TATEL, Circuit Judge,
concurring:
I agree with my colleagues that under our reverse-FOIA case law, the Exemption 4 test outlined in National Parks & Conservation Ass’n v. Morton, 498 F.2d 765, 770 (D.C.Cir.1974), applies to line-item government contract prices like the ones at issue here. See Maj. Op. at 39-40; McDonnell Douglas Corp. v. Air Force, 375 F.3d 1182, 1187-92 (D.C.Cir.2004); McDonnell Douglas Corp. v. NASA, 180 F.3d 303, 305-07 (D.C.Cir.1999). Because the Air Force has merely renewed arguments we have already rejected, and because it has offered inadequate support for its claim that transaction costs will almost certainly preclude it from switching to a new contractor, see Maj. Op. at 42, I join the court’s decision.
That said, I believe Judge Garland had it right in his McDonnell Douglas v. Air Force dissent. Not only did he persuasively critique how the court there applied the National Parks competitive harm test to facts closely resembling the record here, 375 F.3d at 1194-1203 (Garland, J., dissenting), but he also rightly questioned “whether it makes sense to regard prices actually paid by the government as trade secrets ‘of any person’ under the Trade Secrets Act or as confidential commercial or financial information ‘obtained from a person’ under Exemption Four of FOIA,” id. at 1203 (citations omitted). After all, given that FOIA’s primary purpose is to inform citizens about “what their government is up to,” Dep’t of Justice v. Reporters Comm, for Freedom of the Press, 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989), it seems quite unlikely that Congress intended to prevent the public from learning how much the government pays for goods and services. Moreover, the Air Force, as its position in this case well demonstrates, would prefer to disclose contract line-item and option prices because in a competitive bidding environment such information may well save money for the government and the taxpayers who fund it. By contrast, entities whose interests lie in charging government agencies as much as possible, or in preventing others from charging less for the same services, would prefer to keep such data confidential.
Thus, applying the National Parks competitive harm test to agreed-upon prices in government contracts “may bar disclosure of such prices in the very situation in which the public interest in disclosure is at its apogee.” McDonnell Douglas v. Air Force, 375 F.3d at 1203 (Garland, J., dissenting). Like Judge Garland, I find that *44 result troubling and inconsistent with FOIA’s fundamental objective. But believing the question settled in this circuit, I am compelled to join the court’s conclusion that the Air Force must keep the requested pricing information free from public scrutiny.